UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE LEIVA,<br><br>        Plaintiff,<br><br>    v.<br><br>I. CASANOVA, et al.,<br><br>        Defendants. | Case No.: 1:23-cv-00738-SKO<br><br>**ORDER TO SHOW CAUSE WHY DEFENDANT MANSOUP SHOULD NOT BE DISMISSED FROM THIS ACTION FOR A FAILURE TO PROVIDE SUFFICIENT INFORMATION TO EFFECTUATE SERVICE**<br><br>**30-DAY DEADLINE** |

    Plaintiff Andre Leiva is appearing pro se and *in forma pauperis* in this civil rights action. The case proceeds on Plaintiff's Eighth Amendment deliberate indifference to serious medical needs claims against Defendants I. Casanova, Y. Mansoup, and Pallimina.

**I.    RELEVANT BACKGROUND**

    On September 11, 2025, Magistrate Judge Gary S. Austin issued his Order Directing Service of Complaint. (Doc. 12.)

    On September 30, 2025, the California Department of Corrections and Rehabilitation (CDCR) filed its notice of intent to waive service as to Defendants Casanova and Pallimina. (Docs. 14 [sealed].) That same date, CDCR filed a notice of intent *not* to waive service as to Defendant Mansoup. (Doc. 15 [sealed].) CDCR provided an alternative address in Long Beach,

California, for "Yasser Mansour."

On October 6, 2025, this action was reassigned from Magistrate Judge Austin to the undersigned. (Doc. 16.)

On October 23, 2025, Defendants Casanova and Pallimina filed their waiver of service. (Doc. 17.) Their response to the operative complaint is due December 1, 2025.

On November 20, 2025, the United States Marshal (USM) filed a summons returned unexecuted. (Doc. 18.) The USM attempted to personally serve "Dr. Yasser Mansour" at Management Solution, LLC, 200 Pine Avenue, Suite 600, in Long Beach, California, on November 20, 2025, but were advised by Deidre Blair Saldana, Director of Staffing, that there is "no one under Mansoup in their system." [1] (*Id.*)

**I.   DISCUSSION**

Federal Rule of Civil Procedure 4(m) provides as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding *in forma pauperis*, the USM, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint, and . . . should not be penalized by having his or her action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the duties required of each of them . . . ." *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994), abrogated on other grounds by *Sandin v. Connor*, 515 U.S. 472

---

[1] Because the CDCR did not waive service on behalf of this individual, the Clerk of the Court provided the USM with a copy of the operative complaint and the summons for service of process.

1   (1995). However, where a pro se plaintiff fails to provide the USM with accurate and sufficient
2   information to effect service of the summons and complaint, the Court's *sua sponte* dismissal of
3   the unserved defendant is appropriate. *Walker*, 14 F.3d at 1421-22.

4       Here, the USM was unable to locate Defendant Y. Mansoup or Dr. Yasser Mansour.
5   Plaintiff identified this individual as a physician employed at Wasco State Prison during the
6   period giving rise to his claims. (*See* Doc. 11 at 4-5 & Doc. 12 at 2.) However, the CDCR advised
7   Yasser Mansour was not employed with the CDCR, but rather with the "Registry," and provided
8   the address for Management Solutions, LLC in Long Beach, California. When the USM
9   attempted to personally serve the physician at that location, the USM was advised "there's no one
10  under Mansoup in their system." Accordingly, the Court finds Plaintiff has failed to provide the
11  USM with accurate and sufficient information to effect service of the summons and operative
12  complaint on Defendant Mansoup or Mansour. *Walker*, 14 F.3d at 1421-22. If Plaintiff is unable
13  to provide the USM with the necessary information to locate this individual, Defendant Mansoup
14  shall be dismissed from this action, without prejudice, pursuant to Rule 4 of the Federal Rules of
15  Civil Procedure.

16      It is Plaintiff's obligation to provide the USM with accurate and sufficient information to
17  effect service of process. *Walker*, 14 F.3d at 1421-22; *see also, e.g.*, *Lear v. Navarro*, No. 1:21-
18  cv-00600-DAD-BAM (PC), 2022 WL 2819034, at *2 (E.D. Cal. July 19, 2022) ("as the Marshal
19  has already attempted to serve Defendant Plata with the information that was provided, the Court
20  finds that Plaintiff has not provided sufficient information to identify and locate Defendant Plata
21  for service of process. To the extent Plaintiff requests that the Court order [CDCR] Defendants or
22  defense counsel to provide such information directly to the Court, by order or by email, the Court
23  declines to do so"); *Steward v. Igbinosa*, No. 1:18-cv-00551-AWI-BAM (PC), 2021 WL
24  3488282, at *2 (E.D. Cal. Aug. 9, 2021) (it is not CDCR's responsibility to provide the Court
25  with updated contact information for the defendant; because plaintiff had "no other information
26  that can be used to locate Defendant Nelson, and as the Marshal has already attempted to serve
27  Defendant Nelson with the information provided, the Court finds that Plaintiff has not provided
28  sufficient information to identify and locate Defendant Nelson for service of process"). And it is

not the USM's responsibility to identify and locate Defendant Mansoup or Mansour. *See, e.g., Heredia v. Lawrence*, No. 17cv1560-LAB (LL), 2019 WL 1330316, at *2 (S.D. Cal. Mar. 25, 2019) (plaintiff suggested burden of locating defendants should "be on the USMS or the Court" but it is plaintiff's responsibility to provide the necessary information and the "USMS does its best to effect service as instructed, but it does not have the ability to track down every defendant named in a complaint if the information provided by the plaintiff is faulty"). Nor does that burden fall on or extend to the Court. *See Heredia*, 2019 WL 1330316, at *2; *Harbridge v. Hall, Lee, and Tucker*, No. 1:10-cv-00473-DAD-JLT (PC), 2017 WL 1821282, at *5 (E.D. Cal. May 5, 2017) (same).

Pursuant to Rule 4(m), the Court will provide Plaintiff with the opportunity to show cause why Defendant "Mansoup" should not be dismissed from the action. Plaintiff may respond to this order by providing additional information that will assist the USM in locating Defendant Mansoup or Mansour for service of process.

## II. CONCLUSION AND ORDER

Based on the foregoing, the Court **HEREBY ORDERS** that:

1. **Within thirty (30) days** from the date of service of this order, Plaintiff shall show cause why Defendant "Mansoup" should not be dismissed from this action. Plaintiff may do so by providing additional information concerning the location of Defendant Mansoup or Mansour; and

2. **Plaintiff is advised the failure to respond to this order will result in the dismissal of any unidentified defendant from this action, due to Plaintiff's failure to serve process pursuant to Federal Rule of Civil Procedure 4(m).**

IT IS SO ORDERED.

Dated:   **November 24, 2025**          /s/ *Sheila K. Oberto*
                                         UNITED STATES MAGISTRATE JUDGE