UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE LEIVA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>I. CASANOVA, et al.,<br><br>　　　　Defendants. | Case No.: 1:23-cv-00738-JLT-SKO<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS DEFENDANT Y. MANSOUP WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO EFFECT SERVICE OF PROCESS**<br><br>**14-DAY OBJECTION DEADLINE** |

Plaintiff Andre Leiva is appearing pro se and *in forma pauperis* in this civil rights action. The case proceeds on Plaintiff's Eighth Amendment deliberate indifference to serious medical needs claims against Defendants I. Casanova, Y. Mansoup, and Pallimina.

**I.　　PROCEDURAL HISTORY REGARDING SERVICE OF PROCESS**

On September 11, 2025, previously assigned Magistrate Judge Gary S. Austin[1] issued his Order Directing Service of Complaint. (Doc. 12.) Judge Austin ordered service "on the following Defendants, all of whom were employed at Wasco State Prison at the time of the incidents in question: I. Casanova, a registered nurse; Y. Mansoup, a physician; and Pallimina, a physician." (*Id*. at 2.)

---

[1] On October 6, 2025, this action was reassigned from Magistrate Judge Austin to the undersigned. (Doc. 16.)

On September 30, 2025, the California Department of Corrections and Rehabilitation (CDCR) filed its notice of intent to waive service as to Defendants Casanova and Pallimina. (Docs. 14 [sealed].) That same date, CDCR filed a notice of intent *not* to waive service as to Defendant Mansoup, (Doc. 15 [sealed]), and provided an alternative address in Long Beach, California, for "Yasser Mansour." On October 23, 2025, Defendants Casanova and Pallimina filed their waiver of service. (Doc. 17.)

On November 20, 2025, the United States Marshal (USM) filed a summons returned unexecuted. (Doc. 18.) The USM attempted to personally serve "Dr. Yasser Mansour" at Management Solution, LLC, 200 Pine Avenue, Suite 600, in Long Beach, California, on November 20, 2025, but USM was advised by Deidre Blair Saldana, Director of Staffing, that there is "no one under Mansoup in their system." [2] (*Id.*)

On November 24, 2025, the undersigned issued an Order to Show Cause (OSC) Why Defendant Mansoup Should Not be Dismissed from this Action for Failure to Provide Sufficient Information to Effectuate Service. (Doc. 19.) Plaintiff was directed to respond within 30 days. (*Id.* at 4.)

On December 1, 2025, Defendants Casanova and Pallimina filed an answer to the operative complaint. (Doc. 20.) On December 17, 2025, Plaintiff filed a response to the OSC. (Doc. 26.)

**II.     DISCUSSION**

*Plaintiff's Response to the OSC*

First, Plaintiff states that "this defendant violated [his] Eighth Amendment right; which was already found to be of good cause by the courts." (Doc. 26 at 1.) Plaintiff notes that inmates "don't get to know or receive too much information" about CDCR employees, stating he "see[s] that CDCR is claiming that he doesn't work under them?" (*Id.* at 1-2.) Plaintiff alleges Defendant Mansoup is the physician he saw and spoke with "via Zoom; which was while [he] was under CDCR's care!!" (*Id.* at 2.) Plaintiff contends CDCR knows "who this defendant is" and states he

---

[2] Because the CDCR did not waive service on behalf of this individual, the Clerk of the Court provided the USM with a copy of the operative complaint and the summons for service of process.

2

"feel[s] like they are again diverting their responsibility, and neglecting their duties." (*Id.*) Plaintiff states that he suffered due to Defendant Mansoup's actions and that the doctor "must be held responsible for his actions." (*Id.*) Plaintiff "begs the courts to see that CDCR allowed this defendant to see patients, and hold them accountable for his actions if this defendant can't be found; due to my being under CDCR's custody." (Doc. 26 at 2.) Plaintiff contends that because CDCR is responsible for his "medical needs & mishaps," CDCR needs to "produce proper identification for individuals they allow access to inmates!" (*Id.*, emphasis omitted.)

### *Analysis*

As Plaintiff was previously advised, (*see* Doc. 19 at 2), Federal Rule of Civil Procedure 4(m) provides as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court— on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

As an initial matter, the fact this Court found Plaintiff stated a plausible or cognizable Eighth Amendment deliberate indifference claim against Defendant "Y. Mansoup" is not relevant to whether Plaintiff has provided sufficient information to serve this defendant with his complaint. Unless an individual is properly served, that individual is not obligated to respond to a complaint or to appear as a defendant in an action.

Second, CDCR has indicated that Defendant Mansoup or Mansour[3] is not and/or was not a CDCR employee.[4] Therefore, CDCR could not waive service of process on this individual's behalf. CDCR provided identifying information and a last known address for the physician it

---

[3] "A private physician …that contracts with a public prison system to provide treatment for inmates performs a public function and acts under color of law for purposes of § 1983." *George v. Sonoma Cnty. Sheriff's Dep't*, 732 F. Supp. 2d 922, 934 (N.D. Cal. 2010) (citing *West v. Atkins*, 487 U.S. 42, 56 n. 15 (1988); *Lopez v. Dep't of Health Servs.*, 939 F.2d 881, 883 (9th Cir. 1991)).

[4] Presumably, Defendants Casanova and Pallimina are or were CDCR employees as CDCR waived service on their behalf and both have since answered the complaint.

1  believed was named in Plaintiff's complaint, Yasser Mansour; however, the USM was advised by
2  Management Solutions, LLC, the agency apparently employing Mansour (and from which
3  medical professionals are contracted to provide medical care to inmates at CDCR institutions)
4  that it had no "Mansoup" in its system. CDCR is not "diverting their responsibilities" or
5  "neglecting their duties," but instead provided the information available regarding an individual
6  who previously provided medical care to inmates at Wasco State Prison. In other words, CDCR
7  did "produce proper identification" for this physician defendant. The fact "Y. Mansoup" or
8  Yasser Mansour is apparently no longer employed at Management Solutions, LLC and could not
9  be served there by the USM means Plaintiff remains obligated to "provide the USM with accurate
10 and sufficient information to effect service of process" on Mansoup or Mansour to avoid this
11 individual's dismissal from this action without prejudice. (*See* Doc. 19 at 3.)
12    As Plaintiff was also previously advised, it is not CDCR's responsibility to provide more
13 information, (*see* Doc. 19 at 3), or to identify and locate this individual (*Id*. at 4). Finally,
14 Plaintiff's burden or obligation does not "fall on or extend to the Court." (*Id*.) Simply put, the
15 Court may not "hold CDCR accountable" for the actions of Mansoup or Mansour if Plaintiff
16 cannot provide accurate information that allows the USM to serve that individual.
17    Based on Plaintiff's response to the OSC, it does not appear Plaintiff intends to comply
18 with this Court's directive to provide "additional information that will assist the USM in locating
19 Defendant Mansoup or Mansour for service of process." (Doc. 19 at 4.) Nor does it appear that
20 granting Plaintiff additional time within which to locate Defendant Mansoup or Mansour would
21 result in the submission of the requested information. Plaintiff has not requested additional time,
22 and despite having been advised that it is his obligation to provide accurate information regarding
23 the defendant's identity and location, Plaintiff has made no effort to do so despite having been
24 advised that his failure to provide the necessary information would result in a recommendation of
25 dismissal for his failure to serve process pursuant to Rule 4(m) of the Federal Rules of Civil
26 Procedure. (*Id*.)
27    Because Plaintiff has failed to provide the USM with the information necessary to locate
28 Defendant Mansoup, the undersigned will recommend "Y. Mansoup" be dismissed from this

action, without prejudice. *See Walker v. Sumner*, 14 F.3d 1415, 1421-22 (9th Cir. 1994), abrogated on other grounds by *Sandin v. Connor*, 515 U.S. 472 (1995).

### III.     CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the Court **RECOMMENDS** Defendant "Y. Mansoup" be **DISMISSED** without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed fifteen (15) pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **December 22, 2025**                    /s/ *Sheila K. Oberto*
                                                                    UNITED STATES MAGISTRATE JUDGE