UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE LEIVA,<br><br>          Plaintiff,<br><br>  v.<br><br>I. CASANOVA, et al.,<br><br>          Defendants. | Case No.: 1:23-cv-00738-JLT-SKO<br><br>**ORDER VACATING FINDINGS AND RECOMMENDATIONS TO DISMISS DEFENDANT MANSOUP WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO EFFECT SERVICE OF PROCESS**<br><br>(Doc. 27)<br><br>**ORDER GRANTING EXTENSION OF TIME WITHIN WHICH TO IDENTIFY AND LOCATE DEFENDANT MANSOUP**<br><br>(Doc. 31)<br><br>**45-DAY DEADLINE** |

Plaintiff Andre Leiva is appearing pro se and *in forma pauperis* in this civil rights action.

**I.      BACKGROUND**

On November 24, 2025, this Court issued its Order to Show Cause (OSC) Why Defendant Mansoup Should Not be Dismissed from this Action for a Failure to Provide Sufficient Information to Effectuate Service. (Doc. 19.) Plaintiff was to respond in writing within 30 days, and was warned that a failure to respond to the OSC would result in a dismissal of the

unidentified and unserved defendant. (*Id*. at 2-4.)  On December 17, 2025,[1] Plaintiff filed a response to the OSC. (Doc. 26.)

On December 22, 2025, the undersigned issued Findings and Recommendations to Dismiss Defendant Mansoup Without Prejudice for Plaintiff's Failure to Effect Service of Process. (Doc. 27.) The Court noted that despite having been previously advised of his obligation to provide sufficient information to identify and locate Mansoup, Plaintiff made no effort to comply with the Court's order. (*Id*. at 2-4.) After recommending Defendant Mansoup be dismissed without prejudice, Plaintiff was advised that any objections were to be filed within 14 days. (*Id*. at 5.)

On January 12, 2026, Plaintiff filed an untitled and unsigned letter directed to the Clerk of the Court which was docketed as a motion for extension of time.[2] (Doc. 31.) Plaintiff also filed a document titled "'Objection' on the Dismissal of Defendant Y. Mansour." (Doc. 32.)

## II.    DISCUSSION

In seeking an extension of time, Plaintiff states he did not receive the December 22, 2025, Findings and Recommendations until January 6, 2026, the date any objections were due. (Doc. 31.) He states he wants "to object. In order to again attempt to locate Mr. Mansour." (*Id*.) Plaintiff asks the Court to "accept this letter and extend [the] 14 days deadline." (*Id*.) Plaintiff repeats his assertion that he did not receive the Court's "notification that [he had] (14) days to file an objection" until January 6, 2026. (Doc. 32.) Plaintiff states he "had (NO) time to try and produce a proper objection" and asks to "extend this time courtesy to me again" so that he can "attempt to some how get an address on this Dr. Mansour." (*Id*.) He states: "I now fully understand its all up to me & I'd like to get it done." (*Id*.)

The Court will vacate the Findings and Recommendations, thereby rendering objections from Plaintiff unnecessary. The Court will also grant Plaintiff one final opportunity to provide

---

[1] The response is dated and signed December 3, 2025.

[2] As Plaintiff was previously advised, "[l]etters to the Court or a judge may be stricken/returned" and "[e]ach document submitted for filing must include the original signature of the filing party. … Documents submitted without the required signature may be stricken." (*See* Doc. 3 at 2 [First Informational Order in Prisoner/Civil Detainee Civil Rights Case issued 5/12/2023].)

2

sufficient information to allow the United States Marshal to serve Defendant Mansoup or Mansour as required by Rule 4(m) of the Federal Rules of Civil Procedure.

**III.    CONCLUSION AND ORDER**

Accordingly, the Court **HEREBY ORDERS** that:

1. The Findings and Recommendations issued December 22, 2025 (Doc. 27) are **VACATED**;

2. Plaintiff's motion for an extension of time (Doc. 31) is **GRANTED**; and

3. Plaintiff **SHALL** provide sufficient information concerning the identity and location of Defendant Mansoup (or Mansour) to allow for effective service of process **within forty-five (45) days** of the date of service of this order.

**WARNING: A failure to comply with this Order will result in the reissuance of Findings and Recommendations to dismiss the unserved defendant. No further extensions of time will be granted absent extraordinary circumstances**.

IT IS SO ORDERED.

Dated:    **January 14, 2026**                    /s/ *Sheila K. Oberto*
                                                  UNITED STATES MAGISTRATE JUDGE

3