UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ANDRE LEIVA,

          Plaintiff,

   v.

I. CASANOVA, et al.,

          Defendants.

Case No.: 1:23-cv-00738-SKO

**ORDER RELIEVING PLAINTIFF OF HIS OBLIGATION TO PROVIDE FURTHER INFORMATION**

(Doc. 33)

**ORDER DIRECTING CLERK OF THE COURT TO MODIFY DOCKET ENTRY NUMBER 34**

Plaintiff Andre Leiva is appearing pro se and *in forma pauperis* in this civil rights action.

**I.     RELEVANT BACKGROUND**

This action involves a somewhat complicated procedural background regarding the individual identified in Plaintiff's complaint as Defendant "Y. Mansoup."

On September 11, 2025, Magistrate Judge Gary S. Austin issued his Order Directing Service of Complaint. (Doc. 12.)  On September 30, 2025, the California Department of Corrections and Rehabilitation (CDCR) filed its notice of intent to waive service as to Defendants Casanova and Pallimina. (Docs. 14 [sealed].) That same date, CDCR filed a notice of intent *not* to waive service as to Defendant Mansoup. (Doc. 15 [sealed].) CDCR provided an alternative address in Long Beach, California, for "Yasser Mansour."

On October 6, 2025, this action was reassigned from Magistrate Judge Austin to the

undersigned. (Doc. 16.)

On October 23, 2025, Defendants Casanova and Pallimina filed their waiver of service. (Doc. 17.) On November 20, 2025, the United States Marshal (USM) filed a summons returned unexecuted. (Doc. 18.) The USM attempted to personally serve "Dr. Yasser Mansour" at Management Solution, LLC, 200 Pine Avenue, Suite 600, in Long Beach, California, on November 20, 2025; however, the USM was advised by Deidre Blair Saldana, Director of Staffing, that there is "no one under Mansoup in their system." [1] (*Id.*)

On November 24, 2025, this Court issued its Order to Show Cause (OSC) Why Defendant Mansoup Should Not be Dismissed from this Action for a Failure to Provide Sufficient Information to Effectuate Service. (Doc. 19.) Plaintiff was to respond in writing within 30 days. (*Id.* at 2-4.) Plaintiff was warned that a failure to respond to the OSC would result in a dismissal of the unidentified and unserved defendant. (*Id*. at 4.)

On December 1, 2025, Defendants Casanova and Pallimina filed an answer to the complaint. (Doc. 20.)

On December 17, 2025,[2] Plaintiff filed a response to the OSC. (Doc. 26.)

On December 22, 2025, the undersigned issued Findings and Recommendations to Dismiss Defendant Mansoup Without Prejudice for Plaintiff's Failure to Effect Service of Process. (Doc. 27.) The Court noted that despite having been previously advised of his obligation to provide sufficient information to identify and locate Mansoup, Plaintiff made no effort to comply with the Court's order. (*Id*. at 2-4.) After recommending that Defendant Mansoup be dismissed without prejudice, Plaintiff was advised that any objections were to be filed within 14 days. (*Id*. at 5.)

On January 12, 2026, Plaintiff filed an untitled and unsigned letter directed to the Clerk of the Court; the filing was docketed as a motion for extension of time. (Doc. 31.) Plaintiff also filed a document titled "'Objection' on the Dismissal of Defendant Y. Mansour." (Doc. 32.)

---

[1] Because the CDCR did not waive service on behalf of this individual, the Clerk of the Court provided the USM with a copy of the operative complaint and the summons for service of process.

[2] The response is dated and signed December 3, 2025.

On January 14, 2026, the Court issued its Order Vacating Findings and Recommendations to Dismiss Defendant Mansoup Without Prejudice for Plaintiff's Failure to Effect Service of Process, and Order Granting Extension of Time Within Which to Identify and Locate Defendant Mansoup. (Doc. 33.)  Plaintiff was ordered to provide sufficient information "concerning the identity and location of Defendant Mansoup (or Mansour)" within 45 days. (*Id*. at 3.)

On February 2, 2026, CDCR filed its Amended Notice of E-Service Waiver,[3] indicating Defendants Casanova, "Yasser Mansour, Dr." and "Pallomina"[4] intended to waive personal service. Casanova, Mansour, and Pallomina's waivers are to be filed within 30 days. (Doc. 34 [sealed].)

## II.   DISCUSSION

Because Plaintiff was ordered to provide further information concerning Defendant Mansour's identity and location no later than March 2, 2026, the Court will relieve Plaintiff of his obligation to do so given CDCR's amended notice of intent to waive personal service.  Plaintiff does not need to respond to the Court's January 14, 2026, order because "Yaseer Mansour" has been located and agreed to accept service through the Court's e-service program. Given CDCR's amended notice filed February 2, 2026, all named Defendants are expected to file a Waiver of Service of Summons by March 4, 2026, and a responsive pleading shortly thereafter.

## III.   CONCLUSION AND ORDER

Accordingly, the Court **HEREBY ORDERS** that:

1.  Plaintiff is **RELIEVED** of his obligation to provide additional information regarding Defendant Mansour;

2.  The Clerk of the Court is **DIRECTED** to correct Docket Entry number 34 to reflect an "Amended Notice of Intent to Waive Service" was filed on February 2, 2026;

3.  Defendants Casanova, Mansour, and Pallomina shall file their waiver of service of process in accordance with the Court's September 11, 2025, Order Directing Service

---

[3] The docket entry reflects a "Notice of Intent to Waive Service" was filed, rather than an Amended Notice of Intent to Waive Service.

[4] Correcting the spelling of this individual's surname to Pallomina (from Pallimina).

3

of the Complaint.

IT IS SO ORDERED.

Dated:    **February 4, 2026**                    /s/ *Sheila K. Oberto*
                                       UNITED STATES MAGISTRATE JUDGE