UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE LEIVA,<br><br>        Plaintiff,<br><br>    v.<br><br>I. CASANOVA, et al.,<br><br>        Defendants. | Case No.: 1:23-cv-00738-JLT-EGC (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**<br><br>(Doc. 43) |

Plaintiff Andre Leiva is appearing pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. section 1983.

**I.    INTRODUCTION**

On April 27, 2026, Plaintiff filed a document titled "Plaintiffs Notice of Motion and Motion for Request for appointed counsel, [Response] to defendants motion for summary judgment, and confirmation of time [extension]."[1] (Doc. 43.) In relevant part, Plaintiff states that "[d]ue to the severity, and complexity" of this matter, he has "attempted to obtain [counsel himself] with no avail." (*Id.*)

//

---

[1] Plaintiff's filing also opposes Defendants' pending summary judgment motion concerning exhaustion. (*See* Doc. 43.) Even so, on April 24, 2026, the Court granted Plaintiff's motion (dated 4/17/26 & filed 4/22/26) for an extension of time within which to file said opposition. (*See* Doc. 42.)

## II.   DISCUSSION

Plaintiffs do not have a constitutional right to appointed counsel in section 1983 actions. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998). Nor can the Court require an attorney to represent a party under 28 U.S.C. § 1915(e)(1). *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 304-05 (1989). However, in "exceptional circumstances," the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Given that the Court has no reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in extraordinary cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks & citations omitted).

First, the Court must evaluate the likelihood of Plaintiff's success on the merits of his claims. *Rand*, 113 F.3d at 1525. Here, a determination concerning the likelihood of success on the merits is premature. The Court issued its Discovery and Scheduling Order on January 6, 2026 (*see* Doc. 30), and discovery is ongoing. *See Serrano v. Rudas*, No. 1:22-cv-00950-KES-CDB, 2024 WL 4190106, at *1 (E.D. Cal. Sept. 13, 2024) ("A merits-based determination largely is premature as discovery is ongoing in this action, particularly given Plaintiff's failure to argue he is likely to prevail on his claims"); *Garcia v. Blahnik*, No. 14cv875-LAB-BGS, 2016 WL 4269561, at *1 (S.D. Cal. Aug. 15, 2016) ("Where the court has insufficient information to determine the likelihood of success, the likelihood of success factor does not support a finding of exceptional circumstances").

Next, the Court must also evaluate Plaintiff's ability to articulate his claims pro se considering the complexity of the legal issues involved. *Rand*, 113 F.3d at 1525. This action proceeds on Plaintiff's Eighth Amendment deliberate indifference to serious medical needs claims against Defendants Casanova, Mansour, and Pallomina. (*See* Doc. 11 at 10.) Those claims are not complex. *Bonin v. Vasquez*, 999 F.2d 425, 428-29 (9th Cir. 1993) (while Plaintiff may

2

have limited knowledge of the law, the Court does not find the issues in this case "so complex that due process violations will occur absent the presence of counsel"); *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987) (affirming district court's denial of request for appointment of counsel, where pleadings demonstrated LaMere had "a good understanding of the issues and the ability to present forcefully and coherently his contentions"); *Maldanado v. Merritt*, No. 1:23-cv-00482-JLT-SKO PC, 2023 WL 6751114, at *3 (E.D. Cal. Oct. 12, 2023) ("Eighth Amendment deliberate indifference to serious medical needs claims are not complex"); *Lane v. Beach*, No. 1:20-cv-00147-JLT-GSA-PC, 2023 WL 4936300, at *1 (E.D. Cal. Aug. 2, 2023) ("whether defendant Beach was deliberately indifferent to Plaintiff's serious medical needs … is not complex"); *Ireland v. Solano* County Jail, No. CV-08-2707-LRS, 2010 WL 367776, at *1 (E.D. Cal. Jan. 26, 2010) (same). And a review of the docket for this action reveals Plaintiff has no difficulty responding to Court orders and has recently filed an opposition to Defendants' pending summary judgment motion regarding the exhaustion of administrative remedies. (*See* Docs. 25-26, 31-32, 39-40, 43 [opposition portion of filing].)

Next, while the Court appreciates Plaintiff's efforts to secure counsel, Plaintiff is advised that an inability to find counsel is not "a proper factor for the Court to consider in determining whether to request counsel." *See Howard v. Hedgpeth*, No. 1:08-cv-00859-RTB-PCL 2010 WL 1641087, at *2 (E.D. Cal. Apr. 20, 2010).

Plaintiff is further advised that indigence and incarceration do not amount to exceptional circumstances. *See, e.g.*, *Suarez v. Clark*, No. 1:22-cv-00160-JLT-SAB (PC), 2024 WL 477982, at *1 (E.D. Cal. Jan. 25, 2024) ("the Court has 'repeatedly' held incarceration's challenges on litigation do not constitute an exceptional circumstance. [] If Plaintiff's incarceration was an exceptional circumstance, any prisoner would be entitled to counsel"); *Dijkstra v. Campos*, No. 1:21-cv-01223-HBK, 2022 WL 222518, at *1 (E.D. Cal. Jan. 25, 2022) ("Plaintiff's indigence does not qualify 'as an exceptional circumstance in a prisoner civil rights case'"); *Gipbsin v. Kernan*, No. 2:12-cv-0556 KJM DB P, 2021 WL 242570, at *2 (E.D. Cal. Jan. 25, 2021) ("Plaintiff's inability to afford counsel has no bearing on either his likelihood of success on the merits or his ability to articulate his claims pro se"); *Callender v. Ramm*, No. 2:16-cv-0694 JAM

3

AC P, 2018 WL 6448536, at *3 (E.D. Cal. Dec. 10, 2018) ("The law is clear: neither plaintiff's indigence, nor his lack of education, nor his lack of legal expertise warrant the appointment of counsel"). Further, "[c]ircumstances common to most prisoners, such as a deficient general education, lack of knowledge of the law, mental illness and disability, do not in themselves establish exceptional circumstances warranting appointment of voluntary civil counsel." *Jones v. Kuppinger*, No. 2:13-cv-0451 WBS AC P, 2015 WL 5522290, at *3-4 (E.D. Cal. Sept. 17, 2015).

There is little doubt most pro se litigants "find it difficult to articulate [their] claims," and would be better served with the assistance of counsel. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). For this reason, in the absence of counsel, federal courts employ procedures which are highly protective of a pro se litigant's rights. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding pro se complaint to less stringent standard) (per curiam). Where a plaintiff appears pro se in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). The rule of liberal construction is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

The test is not whether Plaintiff would benefit from the appointment of counsel; the test is whether exceptional circumstances exist. *See Wilborn*, 789 F.2d at 1331. Here, no exceptional circumstances exist warranting the appointment of counsel. *Rand*, 113 F.3d at 1525.

### III.    CONCLUSION AND ORDER

For the foregoing reasons, the Court **HEREBY ORDERS** that Plaintiff's motion or request for the appointment of counsel (Doc. 43) is **DENIED**.

IT IS SO ORDERED.

Dated:    **May 5, 2026**                          _____
                                                                  UNITED STATES MAGISTRATE JUDGE